UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

-----------------------------------------------------------------

**JOE HAND PROMOTIONS, INC.,** as
Broadcast Licensee of the **August 26, 2017**
**Mayweather vs. McGregor** Match,

**COMPLAINT**

Plaintiff,

Civil Action No.

versus

SHAWN  REES  and  ANTHONY  CATANIA,
Individually,   and   as   officers,   directors,
shareholders,  principals,  managers  and/or
members of SOUTHEASTERN ASSOCIATES,
LLC, d/b/a HUNTERS BEACH BAR,

and

SOUTHEASTERN  ASSOCIATES,  LLC,  d/b/a
HUNTERS BEACH BAR,

Defendants.

-----------------------------------------------------------------

Plaintiff, JOE HAND PROMOTIONS, INC. (hereinafter "Plaintiff"), by their

attorneys,  DANZ  &  KRONENGOLD,  P.L.,  complaining  of  the  Defendants  herein

respectfully sets forth and alleges, as follows:

## JURISDICTION AND VENUE

1.  This is a civil action seeking damages for violation of 47 U.S.C. §§ 553 or

605, et seq. and for copyright infringement under the copyright laws of the U.S. (17

U.S.C. §101, et seq.).

2.  This Court has jurisdiction under 17 U.S.C. §101, et seq. and 28 U.S.C.

Section §1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and 28 U.S.C. Section §1338(a) (copyright).

3.   Upon information and belief, venue is proper in this court because, inter alia, a substantial part of the events or omissions giving rise to the claim occurred within Broward County, which is within the Southern District of Florida (28 U.S.C. § 1391(b) and 28 U.S.C. § 89(c)).

4. This Court has personal jurisdiction over the parties in this action.   Defendants to this action had or have an agent or agents who has or have independently transacted business in the State of Florida and certain activities of Defendants giving rise to this action took place in the State of Florida; more particularly, Defendants' acts of violating federal laws and the proprietary rights of Plaintiff, as distributor of the satellite programming transmission signals took place within the State of Florida.   Moreover, upon information and belief, Defendants have their principal place of business within the State of Florida; thus, this Court has personal jurisdiction over Defendants.

## THE PARTIES

5.   The Plaintiff is a Pennsylvania Corporation with its principal place of business located at 407 East Pennsylvania Boulevard, Feasterville, Pennsylvania 19053.

6.   By contract, Plaintiff was granted the exclusive rights of distribution and public performance as to commercial establishments for the Mayweather vs. McGregor Match, including all undercard matches and the entire television Broadcast, scheduled for

August 26, 2017, via closed circuit television and via encrypted satellite signal (hereinafter referred to as the "Broadcast").

7.     Upon information and belief the Defendant, SHAWN REES, resides at 261 SE 8th Street, Pompano Beach, FL 33060.

8.     Upon information and belief the Defendant, ANTHONY CATANIA, resides at 320B 7th Street, Palisades Park, NJ 07650.

9.     Upon information and belief the Defendants, SHAWN REES and ANTHONY CATANIA, are officers, directors, shareholders, principals, managers and/or members of SOUTHEASTERN ASSOCIATES, LLC, d/b/a HUNTERS BEACH BAR, and are doing business as HUNTERS BEACH BAR located at 235 Almond Avenue, Fort Lauderdale, FL 33316 (hereinafter referred to as the "Establishment").

10.     Upon information and belief the Defendants, SHAWN REES and ANTHONY CATANIA, were the individuals with supervisory capacity and control over the activities occurring within the Establishment on August 26, 2017.

11.     Upon information and belief the Defendants, SHAWN REES and ANTHONY CATANIA, received a financial benefit from the operations of SOUTHEASTERN ASSOCIATES, LLC, d/b/a HUNTERS BEACH BAR, on August 26, 2017.

12.     Upon information and belief, Defendants, SHAWN REES and ANTHONY CATANIA, were the individuals with close control over the internal operating procedures and employment practices of HUNTERS BEACH BAR on August

26, 2017.

13.     Upon information and belief, Defendants, SHAWN REES and ANTHONY CATANIA, were present at the Establishment during the exhibition of the Broadcast on August 26, 2017.

14.     Upon information and belief, Defendants, SHAWN REES, ANTHONY CATANIA and SOUTHEASTERN ASSOCIATES, LLC, authorized the exhibition of the Broadcast at the Establishment on August 26, 2017.

15.     Upon information and belief, Defendants, SHAWN REES, ANTHONY CATANIA and SOUTHEASTERN ASSOCIATES, LLC, advertised for the exhibition of the Broadcast at the Establishment, on and prior to August 26, 2017.

16.     Upon information and belief, Defendants, SHAWN REES and ANTHONY CATANIA, charged a cover charge of $10.00 per person for each patron entering the Establishment on August 26, 2017.

17.     Upon information and belief, Defendants, SHAWN REES and ANTHONY CATANIA, charged increased food and drink prices at the Establishment on August 26, 2017.

18.     Upon information and belief, the Establishment known as HUNTERS BEACH BAR had an estimated fire code occupancy and/or viewing capacity of 1-50 people on August 26, 2017.

19.     Upon information and belief, the Defendant, SOUTHEASTERN ASSOCIATES, LLC, d/b/a HUNTERS BEACH BAR, is a business entity, the exact

nature of which is unknown, having its principal place of business at 235 Almond Avenue, Fort Lauderdale, FL 33316**.**

20.    Upon information and belief, the defendant, SOUTHEASTERN ASSOCIATES, LLC, is a limited liability company that was formed and is licensed to do business in the State of Florida.

21.    The Registered Agent for SOUTHEASTERN ASSOCIATES, LLC is ANTHONY CATANIA, located at 235 Almond Avenue, Fort Lauderdale, FL 33316.

## COUNT I

22.    Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "21," inclusive, as though set forth herein at length.

23.    Plaintiff's Broadcast originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

24.    Plaintiff, or their authorized agent for commercial distribution, for a licensing fee, entered into licensing agreements with various entities in the State of Florida, allowing them to publicly exhibit the Broadcast to their patrons. Upon payment of the appropriate fees, Plaintiff authorizes and enables subscribers to unscramble and receive the satellite Broadcast.

25.    The Broadcast was also available for non-commercial, private viewing through Plaintiff or its authorized online platforms for residential Pay-Per-View purchase via the internet.   Owners of commercial establishments wishing to use Plaintiff's Broadcasts for their own commercial gain can surreptitiously gain access to Plaintiff's

Broadcasts by purchasing the programming online, without proper authorization, at residential rates, which are greatly discounted compared to the rates required for commercial entities.

26.   In order to view the Broadcast through a website intended for private, non-commercial viewing, an individual purchaser was subject to the copyright language contained therein which expressly stated that the "unauthorized reproduction or distribution of the copyrighted work is illegal."

27.   Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendants and/or their agents, servants, workmen or employees, without paying Plaintiff a fee or entering into an agreement with Plaintiff, unlawfully intercepted, received and/or de-scrambled Plaintiff's Broadcast and did exhibit the Broadcast at the above address at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

28. Upon information and belief, Plaintiff alleges that Defendants effected unauthorized interception and receipt of Plaintiff's Broadcast by ordering programming for residential use and subsequently displaying the programming at the commercial establishment known as HUNTERS BEACH BAR for commercial gain without authorization, or by such other means which are unknown to Plaintiffs and known only to Defendants.

29.    Upon information and belief, Defendants and/or their agents, servants,

workmen and/or employees used an illegal satellite receiver, intercepted Plaintiff's signal and/or used a device to intercept Plaintiff's Broadcast, which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems. There are multiple illegal methods of accessing the Broadcast, including but not limited to (1) splicing an additional coaxial cable line or redirecting a wireless signal from an adjacent residence into a business establishment; (2) commercially misusing cable or satellite by registering same as a residence when it is, in fact, a business; or (3) taking a lawfully obtained box or satellite receiver from a private residence, into a business.    In addition, emerging technologies, such as broadband or internet Broadcast, as well as "slingbox" technology (which allows a consumer to literally sling the Broadcast from his personal home cable or satellite systems into his computer), can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world.   Each of these methods would allow Defendants to access the Broadcast unlawfully. Prior to Discovery, Plaintiff is unable to determine the manner in which Defendants obtained the Broadcast.   However, it is logical to conclude that Defendants utilized one of the above described methods or another to intercept and exhibit the Broadcast without entering into an agreement to obtain it lawfully from Plaintiff, the legal rights holder for commercial exhibition.

30.   47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of communications such as the transmission for which plaintiff had the distribution and public performance rights thereto.

31.   By reason of the aforementioned conduct, the aforementioned Defendants willfully violated 47 U.S.C. §605 (a).

32.   By reason of the aforementioned Defendants' violation of 47 U.S.C. §605 (a), Plaintiff has a private right of action pursuant to 47 U.S.C. §605.

33.   As a result of the aforementioned Defendants' willful violation of 47 U.S.C. §605 (a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) of up to the maximum amount of $110,000.00 as to each Defendant.

34.   Pursuant to 47 U.S.C. §605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II

35.   Plaintiff hereby incorporates paragraphs "1" through "21" and "23" through "29," inclusive, as though fully set forth herein.

36.   Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendants and/or their agents, servants, workmen or employees did exhibit the Broadcast at the above-captioned address at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

37.   47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which Plaintiff had the distribution and public performance rights

thereto.

38. Upon information and belief, the Defendants individually, willfully and illegally intercepted said Broadcast when it was distributed and shown by cable television systems.

39. By reason of the aforementioned conduct, all of the aforementioned Defendants willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

40. As a result of the aforementioned Defendants' violation of 47 U.S.C. §553, Plaintiff is entitled to damages, in an amount in the discretion of this Court, of up to the maximum amount of $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

## COUNT III

41. Plaintiff hereby incorporates paragraphs "1" through "21" and "23" through "29," and "36," inclusive, as though fully set forth herein.

42. Plaintiff is the copyright owner of the exclusive rights of distribution and public performance as to commercial establishments to the Mayweather vs. McGregor Match, including all undercard matches and the entire television Broadcast, scheduled for August 26, 2017, via closed circuit television and via encrypted satellite signal. The certificate of registration has been issued by the U.S. Copyright Office. See U.S. Copyright Certificate of Registration No. PA 2-066-333. The Broadcast originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite

companies via satellite signal.

43.   As a copyright holder of the above mentioned rights to the Mayweather vs. McGregor Match, Plaintiff has rights to the Broadcast, including the right of distribution to commercial establishments as well as the licensing to commercial establishments for the right to publicly exhibit same.

44.   Defendants never obtained the proper authority or license from Plaintiff to publicly exhibit the Mayweather vs. McGregor Match on August 26, 2017.

45.   Upon information and belief, with full knowledge that the Mayweather vs. McGregor Match can only be exhibited within a commercial establishment by the purchasing of a license from Plaintiff, Defendants and/or their agents, servants, workmen or employees illegally intercepted and/or publicly displayed the Broadcast and exhibited same in their commercial establishment on August 26, 2017.

46.   Specifically, upon information and belief, the Defendants and/or their agents, servants, workmen and employees unlawfully obtained the Broadcast, enabling Defendants to publicly exhibit the Broadcast without paying the appropriate licensing fee to Plaintiff.

47.   By reason of the aforementioned conduct, the Defendants willfully violated 17 U.S.C. §501(a).

48.   By reason of the aforementioned Defendants' violation of 17 U.S.C. §501(a), Plaintiff has a private right of action pursuant to 17 U.S.C. §501 (b).

49.   As a result of Defendants' willful infringement of Plaintiff's copyrights and

exclusive rights under copyright, Plaintiff is entitled to damages, in the discretion of this

Court, under 17 U.S.C. §504(c)(1) and 504(c)(2), of up to the maximum amount of

$150,000.00.

50.   Plaintiff is further entitled to its attorney's fees and costs pursuant to 17

U.S.C. §505.

**WHEREFORE**, the Plaintiff requests that judgment be entered in its favor and against

each of the aforementioned Defendants granting to plaintiff the following:

(a) Declare that Defendants' unauthorized exhibition of the August 26, 2017,

Mayweather vs. McGregor Match, violated the Federal Communications Act and

that such violations were committed willfully and for purposes of Defendants'

direct or indirect commercial advantage or for private financial gain.

(b)   On the first cause of action, statutory penalties in an amount, in the

discretion of this Court, of up to the maximum amount of $110,000.00 as to each

Defendant for their willful violation of 47 U.S.C. §605 (a); or

(c) On the second cause of action, statutory penalties in an amount, in the

discretion of this Court, of up to the maximum amount of $60,000.00 as to each

Defendant for their violation of 47 U.S.C. §553.

(d) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U.

S. C. § 605 (e).

(e) On the third cause of action, statutory penalties in an amount, in the discretion

of this Court, of up to the maximum amount of $150,000.00 as to each Defendant

pursuant to §504(c)(1) and §504(c)(2) for their violation of 17 U.S.C. §501(a).

(f) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U.

S. C. § 605 (e)(3) (B) (iii) and/or §553 (c)(2)(C).

(g) Attorney's fees, interest, costs of suit as to Defendant pursuant to 17 U.S.C. §505, together with such other and further relief as this Court may deem just and proper.

**JOE HAND PROMOTIONS, INC.**

By:  /s/Alan D. Danz
    ALAN D. DANZ, ESQ.
    Florida Bar No. 0948934
    Danz & Kronengold, P.L.
    11011 Sheridan Street, Suite 314
    Cooper City, FL 33026
    Telephone: (954)530-9245
    Facsimile: (954)616-5738
    Email: danz@danzlaw.net,
    legal@signallaw.com
    *LLO File No. JHP17-01FL-15*